IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMUEL J. MARTIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV0028 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before me is filing no. 2, the motion to proceed in forma pauperis ("IFP") filed by the pro se plaintiff. Upon review of the plaintiff's papers, I shall grant the plaintiff leave to proceed IFP.

**ADMONITIONS**

The plaintiff is informed that the court can later enter an order taxing costs in this case. No one, including the plaintiff, is relieved by this order from the obligation to pay or to reimburse taxable costs after this action is over.

In addition, even after a motion to proceed IFP has been granted, the court may still revoke IFP status and dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B) if the court finds that the complaint is frivolous or malicious. Kane v. Lancaster Co. Dep't of Corrections, 960 F. Supp. 219, 222 (D. Neb. 1997). To determine that a claim is frivolous, the court must find that the claim is based on an indisputably meritless legal theory or that factual contentions are clearly baseless. Id.

**INITIAL REVIEW**

The complaint is now subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and General Order 97-10, ¶4.[1] When presented with an IFP complaint filed by a nonprisoner, the court is "limited, in terms of sua sponte initial review, to deciding whether the plaintiff's complaint is frivolous or malicious." Id. Construed liberally, I do not find that the complaint is frivolous or malicious. See Bracken v. Dormire, 247 F.3d 699,

---

[1] Paragraph 4 of General Order 97-10 states:

Whether pro se or through counsel, a civil complaint for which the filing fee has not been fully paid, accompanied by a request to proceed *in forma pauperis*, by a person who is not a prisoner as defined by 28 U.S.C. § 1915A(c) at the time of the filing of the complaint, will be subject to *sua sponte* initial review by the court to determine: (a) pursuant to 28 U.S.C. § 1915(a)(1), if the affidavit establishes that such person is unable to pay the filing fee or give security therefor; (b) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), if the complaint is frivolous or malicious; that is, whether the complaint lacks an arguable basis in law or fact."

702-03 (8th Cir. 2001) ("it is our longstanding practice to construe pro se pleadings liberally").

**SUMMONS FORMS**

It is now time for service of process on the defendants. Rule 4 of the Federal Rules of Civil Procedure requires service of the complaint upon each defendant within 120 days of filing the complaint. Rule 4 provides that if service of the summons and complaint is not made within 120 days after filing of the complaint, the court shall dismiss the action or direct that service be effected within a specified time.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's motion to proceed in forma pauperis, is granted, subject to the admonitions stated above in this Order.

2. The Clerk of Court shall provide the plaintiff with a summons form for each named defendant, together with Form 285 and a copy of this order.

3. The plaintiff shall, as soon as possible, provide the Clerk with the completed summons forms and completed Form 285. **In the absence of these forms, service of process cannot occur.**

4. Upon receipt of the completed summons forms and Form 285, the Clerk shall sign the summons forms and forward them, together with a copy of the complaint, to the U.S. Marshal for service on the defendants.

5. The Marshal shall serve the summons and complaint on the defendants, without payment of costs or fees. Service may be effected by mail pursuant to Fed. R. Civ. P. 4(e)(1) and Neb. Rev. Stat. § 25-505.01(c).

6. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days from the filing of the complaint, as provided by Fed. R. Civ. P. 4, may result in dismissal of this matter without further notice, as against that defendant. (The U.S. Marshal's Service typically requires at least two weeks to complete service after receiving the service of process documents.)

7. The Clerk is hereby directed to create a case management deadline and to bring this matter to the attention of the court, by depositing the court file in the box maintained in the Clerk's office for pro se matters, if service has not been obtained upon any defendant by expiration of the 120 days.

8. After an appearance has been filed by a defendant, the plaintiff shall serve upon that defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Litigants in this district usually serve copies of motions and other documents on adverse parties by

first class mail, postage prepaid.  The plaintiff shall include with each original document submitted to the court a **"Certificate of Service"** stating the date a true and correct copy of such document was mailed to each defendant or the attorney of a represented defendant.  It is a violation of the rules of court to send communications to the court without serving a copy on the other parties to the case.

9.   After receipt of the summons, each defendant shall file responsive pleadings or motions within the time allowed by Rule 12 of the Federal Rules of Civil Procedure.

10.   The plaintiff shall keep the court informed of the plaintiff's current address at all times while this case is pending.

11.   The plaintiff is advised that he is bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the prosecution of this case.  The federal rules are available at any law library, and the local rules are available at the office of the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

12.   This order is entered without prejudice to the court later entering an order taxing costs in this case.  No one, including the plaintiff, is relieved by this order from the obligation to pay or to reimburse taxable costs after this action is over.

DATED this 17th day of March, 2006.

BY THE COURT:


S/ F. A. Gossett
United States Magistrate Judge